

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,973

### EX PARTE ROSLYN MARIE TURNER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 10CR1181 IN THE 405TH DISTRICT COURT
### FROM GALVESTON COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty, was convicted of possession of a controlled substance, and sentenced to three years' imprisonment. She did not appeal her conviction.

Applicant contends that her due process rights were violated because a forensic scientist did not follow accepted standards when analyzing evidence and therefore the results of his analyses are unreliable. The State and the trial court agreed that relief was warranted before remand, but the record was insufficient to decide the case at that time. This Court remanded the application to obtain

more information. Specifically, the Court needed three additional pieces of information to resolve this case: (1) a copy of the Department of Public Safety (DPS) report Applicant was relying on for her claim; (2) a determination that the lab technician named in that report was the only scientist that worked on this sample; and (3) a finding as to whether the sample was destroyed or could be retested. The trial court has now provided this Court with all the information necessary to resolve this case on the merits. The DPS report shows that the lab technician who was solely responsible for testing the evidence in this case is the scientist found to have committed misconduct, and the evidence in this case has been destroyed and therefore cannot be retested. Applicant is therefore entitled to relief.

Relief is granted. The judgment in Cause No. 10CR1181 in the 405th District Court of Galveston County is set aside, and Applicant is remanded to the custody of the Sheriff of Galveston County. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: February 27, 2013
Publish