

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-90,447-01

### EX PARTE JAMAKA RAY COTTINGHAM, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 744984-A IN THE 176TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*. KELLER, P.J., filed a concurring opinion in which YEARY and KEEL, J.J., joined. RICHARDSON, J., filed a dissenting opinion in which NEWELL, WALKER, and SLAUGHTER, J.J., joined. NEWELL, J., filed a dissenting opinion in which RICHARDSON and WALKER, J.J., joined.

### O R D E R

Applicant was convicted of aggravated robbery and sentenced to thirty years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Cottingham v. State*, No. 14-97-00697-CR (Tex. App.—Houston [14th Dist.] Feb. 18, 1997) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he is actually innocent and that trial counsel rendered ineffective assistance of counsel at both the guilt and punishment phases of trial. The trial court, with the

agreement of the parties, recommended granting relief on an ineffective assistance of counsel claim (Ground 2.1) and did not make findings on the other claims.

Even when the State and the trial court agree that relief is warranted, the record may sometimes be insufficient and require a remand for further development.[1] In these circumstances, additional facts are needed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall make supplemental findings of fact. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d).

It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make supplemental findings of fact and conclusions of law. The trial court's findings shall substantively address Daniel Briseno's affidavit, which casts doubt on Marty Duran's exculpatory statement and which was erroneously credited to a "prison guard."[2] The court shall make specific findings addressing Briseno's affidavit's credibility and specify what affect it has on the other findings of fact. The court shall also obtain sworn testimony from the victim, live or by affidavit, to determine whether he knew Kenneth Hadnot (aka "Pig") and whether he would still be certain of his identification of Applicant in light of the fingerprint evidence and the statements made by Duran and Hadnot. The trial court shall also obtain sworn testimony from Duran and Hadnot so the credibility of their statements made to habeas counsel may be assessed. Duran should be given

---

[1] *Ex parte Turner*, 394 S.W.3d 513, 513–14 (Tex. Crim. App. 2013).

[2] Briseno appears to be a criminal investigator with TDCJ's Office of Inspector General.

the opportunity to explain or deny the statements contained in Briseno's affidavit. The trial court shall then assess this information along with the OIG affidavit and determine whether it affects its findings, conclusions, and ultimate recommendation. The trial court may make any additional supplemental findings it deems necessary in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: October 7, 2020
Publish